IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-107-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| JENNIFER ANN WOODARD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today at pretrial conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, attended by defendant and counsel for the government, convened by the court also to promote hearing on defendant's failure to secure counsel. This order memorializes oral pronouncements of the court.

Arraignment and trial earlier were scheduled for Monday, January 10, 2011. Today defendant appeared and attempted to explain her failure to secure counsel or request court-appointed counsel. Matters bearing on this as set forth in the record and for the sake of brevity, will not be repeated here. However, some presentation of the case history is useful in understanding the current procedural posture of the case, where defendant was indicted on April 8, 2010, in a one-count indictment charging her with conspiracy to commit bank and wire fraud. On July 6, 2010, defendant appeared before the magistrate judge for her initial appearance, at which hearing the Federal Public Defender was appointed to provide representation. The government did not move for detention, and defendant was released on conditions of release. Defendant's arraignment was initially set for the court's September, 2010 term of court. Arraignment, however, has been continued at request of

defendant four times. Arraignment and trial were most recently set for January 10, 2011.

On December 15, 2010, defendant appeared before the undersigned for arraignment. At hearing, however, then defense counsel informed the court of communication issues existing between herself and defendant. Defendant stated that irreconcilable differences existed between herself and counsel, and indicated that she sought to privately retain counsel using funds raised by members of her church.[1] Defendant orally moved to be relieved of her counsel, which motion was allowed by the court based on defendant's representations that she was in the process of securing private counsel. The court did not go forward with formal arraignment, although defendant announced her intention to plead not guilty, pending entry of new counsel. The case remained set for trial to begin January 10, 2011, at which time arraignment also was scheduled.

On December 27, 2010, upon motion of the government, the court ordered defendant to secure counsel or to request the appointment of court-appointed counsel by no later than January 3, 2011. Further, the court ordered that counsel for the defendant file a notice of appearance on or before January 3, 2011. There appears some issue in service of the order on defendant, as discussed today. However, there is no issue concerning defendant's representations December 15, 2010, that she immediately would secure counsel.

On January 4, 2011, with the docket reflecting no notice of appearance or other notification by defendant of any retention of counsel in compliance with the court's December 27, 2010 order, the court ordered a Rule 17.1 pretrial conference for January 7, 2011, at the United States courthouse in New Bern, North Carolina. This order was served on defendant in Arizona.

---

[1] Defendant informed the court that she planned to retain Joseph E. Zeszotarski of Poyner Spruill, LLP, to represent her in this matter, and would not be returning to Arizona until his services had been secured. Counsel for the government informed the court that Mr. Zeszotarski had already been in contact with him. Former counsel indicated she already had provided to her client copies of all discovery materials turned over by the government. She reiterated her willingness to facilitate new counsel in an efficient transition.

Defendant appeared on January 7, 2011, without counsel, for the Rule 17.1 pretrial conference. Asked if she had retained counsel, defendant informed the court that she had successfully retained Mr. Kenneth J. Steinberg to provide representation. Defendant informed that she had already paid Mr. Steinberg in some part and that all of the paperwork had been completed. Defendant presented as an exhibit an "Interview Form for Traffic & Criminal," which she had filled out with certain details of her case, and a purported contract.[2] Startlingly, defendant further stated that Mr. Steinberg was aware that her federal criminal trial was set to commence in three days, and that he would be prepared to represent her at that time. Asked why Mr. Steinberg was not present with her in court, defendant informed that Mr. Steinberg could not appear because he was previously scheduled to be in court elsewhere. Defendant stated that she was scheduled to meet with Mr. Steinberg at 4:30 p.m. today, after hearing January 7, 2011.

The court initiated telephone call on the record to Mr. Steinberg during this proceeding. Based on the attorney's response, it was discovered that defendant had grossly misinformed the court as to the status of her retention of counsel. Mr. Steinberg informed that defendant had not paid him anything. Further, he advised that defendant did not inform him that she was retaining him as representation concerning a federal criminal trial set to commence Monday. The two were not scheduled not meet at 4:30 p.m. on January 7, 2011, but, rather, were going to meet at 4:30 p.m. on January 10, 2011, which date the trial was to commence, as defendant had informed Mr. Steinberg that she had some sort of hearing in federal court on January 11, 2011.

---

[2] The court takes this submission into the record under seal, noting that the same also should be indexed by the clerk as ex parte. While the government is aware of the nature of the submission, because the defendant recites both confidential personal information as well as her understanding of the case, it is appropriate to maintain the submission in this confidential manner.

As it is clear that defendant will not be prepared to proceed with trial on January 10, 2011, the court on its own initiative and with consent of the government ORDERS that trial be continued from January 10, 2011 to a date to be made certain by future notice, after conference with counsel, including new defense counsel. The court finds that continuance is warranted based on defendant's fundamental right to representation as well as the dilatory impact of defendant's statements on the progress of the case, and that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Accordingly, any delay resulting from the continuance of trial in this matter is excluded from the time computed under the Speedy Trial Act.

Further, where defendant's indigency status has been confirmed on the record and defendant's eligibility for appointment of counsel at government expense has been previously determined, the Federal Public Defender is hereby DIRECTED to provide representation of defendant in this matter. Upon receipt of this order and determination of counsel, new counsel, after filing notice of appearance, shall confer with counsel for the government and propose to the case manager not later than January 13, 2011, several dates and times immediately thereafter for conduct of an administrative conference by telephone concerning scheduling matters.

Finally, and as articulated further at hearing, based on defendant's deceptive representations to the court regarding the status of her retention of counsel, and in light of defendant's apparent attempts to delay prosecution of this case, also taking into consideration the nature of the instant offense including the inherently fraudulent nature of the conduct with which defendant is charged, the court determines by the preponderance of the evidence that no combination of conditions will reasonably assure defendant's appearance at future court proceedings. Defendant is therefore ORDERED committed to the custody of the Attorney General or a designated representative for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

SO ORDERED, this the 7th day of January, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge